IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-189-1FL

UNITED STATES OF AMERICA  :
                          :
        v.                :
                          :
DAKIM GREGORY, a/k/a "GUCCI"  :

## ORDER OF FORFEITURE

The defendant pled guilty to Counts One and Two of the Superseding Criminal Indictment, which charged him with violations of 18 U.S.C. § 2421, that is, prostitution; and, 18 U.S.C § 1952(a)(3), that is, interstate travel to promote an unlawful business enterprise.  In his Plea Agreement, the Defendant agreed that he personally obtained at least $25,000.00 in proceeds from the prostitution and interstate travel to promote an unlawful business enterprise  offenses, and further stipulated that he had by his own acts or omissions made the proceeds unavailable, and that one or more of the conditions to forfeit substitute assets exists, as set forth in Title 21, United States Code, Section 853(p).

Having considered the plea agreement, the record as a whole, and the applicable law, the Court issues the following orders:

1. It is ORDERED that all property, real or personal, which constitutes or is derived from proceeds traceable to Defendant's violations of 18 U.S.C. § 2421 and 18 U.S.C § 1952(a)(3) is forfeited to the United States.

2. It is ORDERED that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by Defendant Dakim Gregory as a result of his violations of 18 U.S.C. § 2421 and 18 U.S.C § 1952(a)(3), and that such substitute assets shall not exceed the value of the proceeds Defendant obtained of $25,000.00.

3. It is further ORDERED that pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States may move to amend this Order at any time to substitute specific property to satisfy this Order of Forfeiture in whole or in part.

4. It is further ORDERED that any and all forfeited funds shall be deposited by the U. S. Department of Justice or the U. S. Department of the Treasury, as soon as located or recovered, into the U. S. Department of Justice's Assets Forfeiture Fund or the U. S. Department of the Treasury's Assets Forfeiture Fund in accordance with 28 U.S.C. § 524(c) and 21 U.S.C. § 881(e).

In addition, upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is DIRECTED to incorporate a

reference to this Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall be final as to the defendant upon entry.

SO ORDERED. This 22nd day of February, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge